No. 12,879.

CENTRAL MANUFACTURING AND LUMBER COMPANY, LIMITED, VS. MUTUAL BUILDING AND HOMESTEAD ASSOCIATION ET AL.

SYLLABUS.

The constitutionality of Act 180 of 1894 is not before the court on appeal.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Dart & Kernan* for Plaintiff and Appellee.

*J. Zach Spearing* for Mutual Building and Homestead Association, Defendant, Appellant.

*P. M. Milner* for Fidelity and Deposit Company, of Maryland, Defendant.

*Edwin T. Merrick, Amicus Curiae.*

Argued and submitted April 4, 1899.
Opinion handed down April 17, 1899.

The opinion of the court was delivered by

BREAUX, J. Plaintiff sued the defendant, the Mutual Building and Homestead Association, for the price of materials used in the construction and erection of one of its buildings, and the Fidelity and Deposit Company, its surety, on a bond given to secure the association against the consequence growing out of non-payment of the furnisher of materials to erect the latter's building.

The defendants are sued *in solido* for $309.51, amount claimed. There being a constitutional question involved, the appeal lies to this court.

The facts are that the building material sold by plaintiff was actually used by the contractors in the construction of a building of the Mutual Building and Homestead Association, and that a bond was given by the contractors in favor of the Association, to protect it

Central Manf. & Lumber Co., Ltd., vs. Mutual Building & Homestead Assn., et al.

against a claim of material men and laborers; that the contractors left the city and failed to pay the amount due to material men and others; and that, in consequence, plaintiff brings this suit to collect the amount of the contractors' indebtedness to it.

The Fidelity and Deposit Company filed the exception of *Lis Pendens* against its co-defendants (the Mutual Building & Homestead Association), called in warranty.

It appears that although the Fidelity and Deposit Company was already one of the parties defendants; the Mutual Building & Homestead Association asks to have the former, that is, the Fidelity and Deposit Company, cited in warranty. This demand, it appears, was dismissed on the ground of *Lis pendens*. From this decision, the Mutual Building and Homestead Association appealed, although more than one year had elapsed since the judgment dismissing this demand had been rendered. The case was afterward tried on the merits between the Central Manufacturing Company, Limited, plaintiff, and the Mutual Building and Homestead Association and the Fidelity and Deposit Company, as warrantors, and judgment was pronounced in favor of the Mutual Building and Homestead Association against plaintiff, dismissing the latter's demand, and in favor of the plaintiff, the Central Manufacturing and Lumber Company, Limited, against the Fidelity and Deposit Company, appealed to this court.

On Motion to Dismiss the Appeal of the Homestead Association.

The Mutual Building and Homestead Association took an appeal from the order dismissing its demand made to have the Fidelity and Deposit Company cited in warranty. More than twelve months had elapsed from the date of the judgment dismissing the call in warranty to the date that the Mutual Association moved for an appeal.

Upon this point we found that, whether the judgment from which the Mutual Building and Homestead Association appeals, was, as it contends, an interlocutory judgment, and not appealable, as it insists, it remains as a fact that it was the only judgment from which the Mutual Building and Homestead Association appealed, and the time had elapsed within which to appeal. It is true that an appeal from a final judgment has the effect of bringing up for review the ruling of the court on interlocutory orders, but, on the other hand, it is well settled that an appeal from an interlocutory order has not the effect of securing a hearing from the final judgment.

The motion to dismiss the appeal of the Mutual Building and Homestead Association is, therefore, sustained.

As relates to the other defendant, the Fidelity and Deposit Company, in this court it has filed an assignment of errors, setting forth in substance, that the court a qua having decided Act 180 of 1894, unconstitutional, the action of plaintiff was at an end; that the court a qua erred in holding that plaintiff had a direct action on the bond.

This defendant, The Fidelity and Deposit Company, did not raise any question in the District Court of the constitutionality of the law. No pleadings were filed in that view.

Before this court the assignment of error shows that the District Court declared a law unconstitutional. On that decision this defendant claims that the action against it fell; that it no longer can be held bound. But this does not present an issue on the part of this defendant of the unconstitutionality of statute 180 of 1894.

That issue (unconstitutionality of a statute), we have frequently decided, should be reviewed in the lower court; if, however, we should hold that it can be urged on an assignment of error, the assignment of eror here does not show that this defendant and warrantor seeks some right on the ground of the unconstitutionality of a law.

For reasons assigned, it is, therefore, ordered, adjudged and decreed that the appeal in this case is dismissed.